IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10756
Conference Calendar
_____


ELBERT SILAS GREEN,

                                        Plaintiff-Appellant,

versus

THOMAS A. WILDER, District Clerk,
Tarrant County, Texas,

                                        Defendant-Appellee.


- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-513-A
- - - - - - - - - - -
(October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Appellant Elbert Green filed this action, citing 42 U.S.C.
§ 1983, against Thomas A. Wilder, clerk of the Texas state court
in which Green was convicted recently of a criminal offense.  We
DISMISS as frivolous, Green's appeal from the district court's
dismissal of the action.

     In his complaint, Green requested the district court to
order Wilder to provide him with copies of his trial transcript

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

and other trial records, for his use in preparing a petition for state habeas corpus relief.  This court has treated a similar "§ 1983" complaint "as a petition for the federal writ of habeas corpus and dismiss[ed] for failure to exhaust available state remedies."  Kirby v. Sutton, 436 F.2d 1082, 1083 (5th Cir. 1971).  The court reasoned that "[t]he transcript question presented is properly a part of [the] state post-conviction remedy, being ancillary thereto."  Id.

Appellant Green has not exhausted his state remedies of direct appeal or petition for habeas relief pursuant to Tex. Crim. Proc. Code Ann. art. 11.07 (West 1977 and Supp. 1995).  In the event that the criminal judgment is affirmed upon direct appeal, Green may be able to borrow the record in order to prepare his art. 11.07 petition.  See Wade v. Wilson, 396 U.S. 282, 286-87 (1970).  He cannot obtain such state habeas relief until after his direct appeal has been adjudicated.  See Ex parte Brown, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (en banc).

Green's appeal is frivolous because it does not involve any legal point which is arguable on its merits.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  We caution Green that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Green is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

Green has filed a motion requesting this court to order Tarrant County Jail personnel to send his legal mail to the

district court by certified mail, return receipt requested.  He also requests an order requiring the district court to return to him a duplicate copy of all legal mail he sends to it, dated and marked "filed."  Because there is no precedent for this court to grant such extraordinary relief, the motion is hereby DENIED. See In re Willy, 831 F.2d 545, 549 (1987).

APPEAL DISMISSED.